IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HSBC BANK USA, N.A., AS INDENTURE
TRUSTEE FOR THE REGISTERED
NOTEHOLDERS OF RENAISSANCE
HOME EQUITY LOAN TRUST 2006-2,

Plaintiff,

v.

JEFFREY P. CHAMNESS, JENNIFER
CHAMNESS, HEARTLAND REGIONAL
MEDICAL CENTER,

Defendants.                                             11-0372- DRH

## ORDER

**HERNDON, Chief Judge:**

Before the Court is plaintiff's motion for default judgment for foreclosure and sale (Doc. 13). In examining the motion, the Court notes that plaintiff has not met the requirements of Local Rule 55.1.

Local Rule 55.1(a) requires the moving party to: (1) "give notice of the entry of default to the defaulting party by regular mail sent to the last known address of the defaulted party," and (2) "certify to the Court that notice has been sent." Further, Local Rule 55.1(b) requires that the motion seeking default judgment "shall contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default judgment is sought. If the moving party knows, or reasonably should know, the identity of an attorney thought to represent the

defaulted party, the motion shall also state that a copy has been mailed to that attorney."

Here, it is clear that plaintiff has not followed the rule. As stated in many previous cases, the Court, has a clear understanding that the rule is meant to operate in the following fashion. The rule requires that notice must be mailed (not emailed) to the last known address of the party from whom default is sought. It also requires that if the moving party knows or has reason to know the identity of an attorney thought to represent that the defaulted party the motion shall state that a copy has been mailed to that attorney. Further, the attorney for the moving party must certify, as an officer of the court, the he or she does not have knowledge that the defaulted party is represented by counsel for any matter whatsoever and there is no counsel to whom the motion can be mailed. This procedure was not followed in this case. It is not sufficient to file a standard certificate of service as one filed prior to the enactment of this local rule. Clearly the new rule sought to have additional information provided to the Court in the form of a representation on the strength of a good faith certification by an officer of the court to be held accountable for such representations. In order that the rule can be followed, counsel's client can be served, 7th Circuit jurisprudence can be adhered to and in the interest of justice, the Court hereby allows plaintiff leave to file a supplement to its motion to demonstrate full compliance with Local Rule 55.1. Since the information is readily at hand, this supplement shall be filed by September 9, 2011. Failure to do so will result in a denial of the motion. If, on the other hand, plaintiff has not actually complied with

the rule, the motion should be withdrawn, without prejudice, until such time as compliance can be achieved.

**IT IS SO ORDERED.**

Signed this 25th day of August, 2011.

Digitally signed by David R. Herndon
Date: 2011.08.25 11:30:48 -05'00'

**Chief Judge**
**United States District Court**